LINLEY et al., Appellants,

v.

DeMOSS, CTY. COMMR.; Smith, Sheriff, et al., Appellees.

[Cite as *Linley v. DeMoss* (1992), 83 Ohio App.3d 594.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–102.

Decided July 28, 1992.

*Paul Scott Co., L.P.A.,* and *Paul Scott; Reinhart Law Offices* and *Harry R. Reinhart,* for appellants.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Donald Collins,* Assistant Prosecuting Attorney, for appellees.

MARTIN, Judge.

Plaintiffs-appellants, Geneva G. Linley et al. ("plaintiffs"), timely appeal from the judgment of the Franklin County Court of Common Pleas entered January 27, 1992, which granted defendants-appellees' motion for summary judgment and overruled plaintiffs' cross-motion for partial summary judgment.

Plaintiffs raise the following assignments of error:

"First Assignment of Error:

"The trial court erred to appellants' prejudice by granting the defendants' motion for summary judgment on the trespass claim against Sgt. Hammond.

"Second Assignment of Error:

"The trial court erred to appellants' prejudice by granting the defendants' motion for summary judgment on the civil rights claim under 42 U.S.C. § 1983 against Sgt. Hammond and Sheriff Smith.

"Third Assignment of Error:

"The trial court erred to appellants' prejudice by denying their cross-motion for partial summary judgment on gross negligence (recklessness) only."

Plaintiffs, Geneva G. Linley and her two minor great-grandchildren, filed their complaint on June 17, 1990, seeking compensatory and punitive damages, plus injunctive relief, predicated upon causes of action in trespass, the negligent infliction of extreme emotional distress, invasion of privacy, and upon alleged civil rights violations of Section 1983, Title 42, U.S.Code. The named defendants included the Board of Franklin County Commissioners, Franklin County Sheriff Earl O. Smith, and two "John Doe" deputy sheriffs (later amended to join Deputy Sargeant Hammond specifically).

On July 30, 1990, a joint answer was filed in behalf of all defendants asserting, *inter alia*, an immunity defense, a Civ.R. 12(B)(6) defense, and good faith acts committed within the scope of their official employment.

With leave of court, defendants jointly moved for summary judgment on June 7, 1991, which motion was supported by plaintiff Linley's answers to certain interrogatories, plus several depositions. This motion was controlled by the trial court's non-oral hearing rules. On July 5, 1991, plaintiffs filed a memorandum opposing the defense summary judgment as well as their own cross-motion for partial summary judgment as to the trespass, negligence, and civil rights violations claims. Defendants responded on July 18, 1991.

On January 16, 1992, the trial court issued a five-page decision in which, on essentially undisputed facts, it concluded that the actions of defendants at issue amounted only to negligence as a matter of law. Consequently, the trial court reasoned that plaintiffs' claims were not actionable by virtue of R.C. Chapter 2744 immunity and for other reasons stated. The trial court granted the defense's summary judgment motion, and it overruled the cross-motion of plaintiffs. That decision was journalized on January 27, 1992, and is the basis for the instant appeal. On appeal, plaintiffs concede that a dismissal of the county commissioners was proper.

As mentioned, the material facts underlying this lawsuit are not in genuine dispute. Sometime on December 22, 1988, and as a result of accidental breakage, officials of United Parcel Service summoned the Franklin County Sheriff's Department to examine a package containing suspected illicit drugs. The package was en route from Arizona to 97 Rumsey Road, Columbus, Ohio. Sheriff's officers confirmed the presence of methamphetamine, a controlled

substance, after lab testing, and they obtained a search warrant. The package was then resealed, and a "controlled" delivery operation was arranged to 97 Rumsey Road at roughly 8:00 p.m. that evening by a deputy sheriff disguised as a UPS deliveryman.

While the package was being delivered to 97 Rumsey Road, several other deputies placed themselves in the area, including an armed "entry team." Deputy Sgt. John Hammond was present as was Sheriff Smith. As the package was being delivered to, and accepted at, the 97 Rumsey Road address, the front door of the residence next door, being 87 Rumsey Road, was opened by an occupant thereof. Present in 87 Rumsey Road at that time were plaintiff Geneva Linley, Teresa Perry, and Linley's minor great-granddaughters, Jennifer and Jessica Perry.

Once the package had successfully been delivered to the 97 Rumsey Road premises, the sheriff's "entry team," armed with a search warrant, exited their vehicles and moved towards the 87 Rumsey Road residence in error. Noting the wrong house, Sgt. Hammond ran ahead of the other officers to 87 Rumsey Road, opened the outer front door and briefly entered the premises, determined from Teresa Perry that 97 Rumsey Road was next door, and then successfully diverted the entry team to the proper address before they entered plaintiffs' residence.

When Hammond entered plaintiffs' home, he admittedly was armed and his weapon was drawn. This incident caused Linley to faint and naturally emotionally upset the other occupants. Hammond remained briefly in the Linley residence to ascertain if medical, or other, assistance was needed and to apologize for his intrusion. The other deputies meanwhile had conducted a "tactical entry" at the correct address, 97 Rumsey Road, and arrested two occupants there for drug offenses.

The evidentiary materials submitted in conjunction with the parties' respective Civ.R. 56 motions suggest that Sgt. Hammond was not personally in charge of this police operation. Also, although present in the area, Sheriff Smith did not actually participate in, or directly supervise, the operation either.

In May 1990, Linley sought treatment from Dr. Nick Marzella, Ph.D., a licensed psychologist. His diagnosis was "post-traumatic stress disorder" resulting from the above-described December 22, 1988 incident which had aggravated a pre-existing condition of anxiety/depression partly attributed to her husband's death in May 1988 and her daughter's relocation from the neighborhood. Therapy terminated in October 1990 with a "good" prognosis for recovery.

■ All three of the assignments of error raised by plaintiffs relate to the trial court's application of Civ.R. 56. Summary judgment is proper when (1) there is no genuine issue as to any material fact; (2) the movant is entitled to judgment

as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds can come to but one conclusion, and same is adverse to the party against whom the motion is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; *Applegate v. Fund for Constitutional Govt.* (1990), 70 Ohio App.3d 813, 817, 592 N.E.2d 878, 881. As noted, the "material" facts underlying this case are not in "genuine dispute"; therefore, that element for summary judgment relief has been satisfied. *Mount v. Columbus & S. Ohio Elec. Co.* (1987), 39 Ohio App.3d 1, 2, 528 N.E.2d 1262, 1263–1264; *Stepien v. Franklin* (1988), 39 Ohio App.3d 47, 50, 528 N.E.2d 1324, 1328–1329; *Grau v. Kleinschmidt* (1987), 31 Ohio St.3d 84, 90–91, 31 OBR 250, 255–256, 509 N.E.2d 399, 404–405, applied.

In their first assignment of error, plaintiffs claim error in the trial court's award of summary judgment to Sgt. Hammond on their state law claim of common-law trespass. In the second assignment of error, plaintiffs claim error in the grant of summary judgment to both Sgt. Hammond and Sheriff Smith on their federal civil rights claim. Upon examination, the trial court determined that the conduct of those authorities amounted only to negligence and, therefore, for different reasons neither of these claims was actionable. We will treat these assignments of error together.

■ A common-law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue, even though such damages may be insignificant. See, generally, 88 Ohio Jurisprudence 3d (1989) 579–581, Trespass, Sections 1–2. The act of nonconsensual entry may be intentional or negligent. While the trial court correctly determined that Sgt. Hammond did commit a "technical trespass" by virtue of his unauthorized entry into Linley's home, it concluded that this conduct was "careless," but neither wanton, reckless, nor done with a malicious purpose and, therefore, amounted only to "negligence." We agree.

The collective conduct of the law enforcement officers relating to the execution of the search warrant for 97 Rumsey Road would be generously described as "careless." Nothing contained in this opinion should remotely be construed as a condonation by this court of such inexcusably poor police work. From a factual standpoint, Sgt. Hammond clearly committed a trespass on Linley's property even though his intrusion was minimal. Fortunately, Sgt. Hammond had the good sense and presence of mind to act as he did and to redirect the entry team to the proper address before a truly egregious mistake was made with potentially disastrous consequences.

■ Our review of this case is confined to the personal conduct of Sgt. Hammond and/or Sheriff Smith. The command officer, apparently a Lt. Legault, was not joined as a party-defendant. We do not find evidence in the record suggesting malice or bad faith on Sgt. Hammond's part, nor do we find evidence of wanton conduct on his part insofar as that term connotes a complete absence of all care for the safety of others. *Matkovich v. Penn Cent. Transp. Co.* (1982), 69 Ohio St.2d 210, 23 O.O.3d 224, 431 N.E.2d 652; *Peoples v. Willoughby* (1990), 70 Ohio App.3d 848, 851, 592 N.E.2d 901, 903. Neither did Sgt. Hammond act willfully. *McKinney v. Hartz & Restle Realtors, Inc.* (1987), 31 Ohio St.3d 244, 246, 31 OBR 449, 450–451, 510 N.E.2d 386, 388–389. There is also no evidence that Sgt. Hammond's personal acts were "reckless" as that term is legally defined. *Marchetti v. Kalish* (1990), 53 Ohio St.3d 95, 96, 559 N.E.2d 699, 700; *Lytle v. Columbus* (1990), 70 Ohio App.3d 99, 106, 590 N.E.2d 421, 426. Thus, while Hammond may have committed the tort of trespass, this conduct was founded on negligence only.

■ Whether the defense of immunity serves as a bar to recovery in a civil action is a legal issue properly determined by a court, "preferably on a motion for summary judgment." *Roe v. Hamilton Cty. Dept. of Human Serv.* (1988), 53 Ohio App.3d 120, 560 N.E.2d 238, paragraph five of the syllabus.

■ "Under R.C. 2744.03, a governmental employee acting within the scope of his employment is immunized from liability arising from the negligent performance of his duties." *Lytle, supra,* 70 Ohio App.3d at 106, 590 N.E.2d at 426; *Pullens v. Smith* (June 27, 1989), Franklin App. No. 89AP–147, unreported, 1989 WL 71615. County sheriffs and their deputies fall within the statutory definition of "employees" of political subdivisions. R.C. 2744.01(B). The performance of police duties is a governmental function. R.C. 2744.01(C)(2). The execution of search warrants and arrest of suspected drug offenders are acts falling within the scope of employment and official responsibilities of police officers. Accordingly, since none of the exceptions set forth at R.C. 2744.03(A)(6) factually exist in our case *sub judice,* Sgt. Hammond is statutorily immune for a negligent trespass and Sheriff Smith is immune for any negligent failure to supervise, assuming *arguendo* that, as sheriff, his mere presence in the vicinity amounted to "supervision." The trial court appropriately considered plaintiffs' state law claims in light of R.C. Chapter 2744.

■ Turning to plaintiffs' federal claims against Sgt. Hammond and Sheriff Smith, this court has recognized that a successful claim under Section 1983 requires plaintiffs to prove that defendants acted under color of state law; that defendants' actions deprived plaintiffs of their rights, privileges, or immunities

guaranteed by the Constitution; and that the defendants proximately caused plaintiffs' deprivations. *Lytle, supra,* 70 Ohio App.3d at 107, 590 N.E.2d at 427.

As we observed in *Lytle,* at 108, 590 N.E.2d at 427, if plaintiffs' Section 1983 claim is predicated on a Fourteenth Amendment substantive due process violation, then it fails since the merely negligent conduct of state officials is insufficient to state a claim. *Daniels v. Williams* (1986), 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662. Under the facts of this case, the doctrine of *respondeat superior* is inapplicable as a basis for constitutional tort liability under Section 1983. *Monell v. Dept. of Social Services of the City of New York* (1978), 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611; *Hays v. Jefferson Cty., Kentucky* (C.A.6, 1982), 668 F.2d 869. This case does not factually support an alleged failure to train or supervise claim. *Canton v. Harris* (1989), 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412; *Oklahoma City v. Tuttle* (1985), 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791; *Lawrence v. Police Bd. of Commrs.* (E.D.Mo.1985), 604 F.Supp. 1229.

To the extent that plaintiffs' Section 1983 claim is based upon an alleged Fourth Amendment tort, it fails the objective reasonableness standard. *Graham v. Connor* (1989), 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443; *Lytle,* 70 Ohio App.3d at 109–110, 590 N.E.2d at 428–429. Plaintiffs in their brief, citing *Maryland v. Garrison* (1987), 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72, acknowledge that "reasonable mistakes are permitted." Our case is readily distinguishable from those involving a "wrongful premises" search. Sgt. Hammond, in fact, acted reasonably so as to prevent commission of a Fourth Amendment tort. His own conduct does not rise to the level of an "unreasonable" search or seizure in the Fourth Amendment context. The trial court correctly granted summary judgment to the defendants on plaintiffs' federal claim.

Accordingly, the first and second assignments of error are overruled.

In their third assignment of error, plaintiffs contend that their cross-motion for partial summary judgment premised upon gross negligence (recklessness) should have been granted. In light of our treatment of the first and second assignments of error and conclusion that there is no evidence in the record to support a finding that Sgt. Hammond acted other than negligently, this assignment of error lacks merit and is, also, overruled.

Plaintiffs' three assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK and DESHLER, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.