DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Alvin Scott and David Payne appeal the decision of the Lorain County Court of Common Pleas granting summary judgment to defendant Columbia Gas of Ohio, Inc. This court affirms.
 I.
In 1992, the city of Oberlin ("the city") was engaged in a sewer improvement project that included the replacement of the sewer line under South Pleasant Street. Columbia Gas owned and maintained a gas line that also ran beneath South Pleasant Street. The city determined that the sewer improvement project required that the gas line be moved permanently. The city asked Columbia Gas to remove the gas line. Columbia Gas owned an easement or right of way across the property of Alvin Scott at 409 South Pleasant Street, and across the property of David Payne at 79 Gladys Court. Columbia Gas moved the line to the right of way on the two properties. The right of way had been originally granted to Columbia's predecessor in 1912. Neither Columbia Gas nor its predecessor had actually used the right of way from 1912 to 1992.
On August 6, 1997, Scott and Payne sued Columbia Gas and the city of Oberlin for trespass with respect to Columbia's use of the right of way, seeking compensatory and punitive damages totaling $150,000. The complaint alleged that Columbia Gas entered the properties without consent of the owners and that there was ongoing trespass by Columbia because of the continued presence of the gas line on the properties. The complaint also alleged that the city, as an agent of Columbia Gas, "authorized" Columbia to enter on the plaintiffs' properties, resulting in an unconstitutional taking of property.
On July 2, 1998, the city moved for summary judgment, stating that it was not an agent of Columbia Gas and asserting that the city was protected by governmental immunity pursuant to R.C. 2744. As to the agency issue, the city submitted the affidavit of the city's public service director who stated that the city did not determine where Columbia Gas should place the gas line once it was removed from South Pleasant Street. On July 15, 1998, Columbia Gas moved for summary judgment, claiming the existence of a right of way across plaintiffs' properties that entitled Columbia to install the gas line on the properties.
Plaintiffs filed a motion in opposition to summary judgment, asserting that Columbia Gas had abandoned its right of way by permitting a subdivision to be built over the right of way. Plaintiffs offered no evidence to support their assertion. Plaintiffs offered no evidence to support their claims that the city had "authorized" Columbia's entry on the subject properties and that the city had acted as Columbia's agent. On October 1, 1998, the trial court granted summary judgment in favor of both defendants. The trial court concluded that, viewing the evidence in the light most favorable to the plaintiffs, there was no genuine issue of material fact and that the city was not involved in selecting plaintiffs' properties as the sites for the relocating the gas line. The court also found that there was no genuine issue of material fact as to Columbia's right to place the gas line on plaintiffs' properties because the evidence established that Columbia had a right of way that it had never abandoned.
Plaintiffs appealed, challenging the grant of summary judgment to Columbia Gas.[1] Specifically, plaintiffs claim that there was evidence of Columbia's abandonment of the right of way, sufficient to withstand the motion for summary judgment.[2]
 II. Summary Judgment
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996),75 Ohio St.3d 280, 292. To accomplish this, the movant must be able to point out to the trial court "evidentiary materials [that] show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Id.
at 293. If such evidence is produced, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id.
An appellate court reviews an award of summary judgment denovo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. See Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, citing Norris v.Standard Oil Co. (1982), 70 Ohio St.2d 1, 2.
Where the non-moving party would have the burden of proving all of a number of elements in order to prevail at trial, the moving party in the summary judgment motion may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. If the moving party meets this burden of proof, the burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element. Dresher, 75 Ohio St.3d at 293. With this standard in mind, we turn to the record below to determine whether the trial court appropriately granted summary judgment to Columbia Gas.
 B. The Columbia Gas Right of Way and the Issue of Abandonment
Plaintiffs' trespass claim could succeed at trial only if plaintiffs proved that Columbia Gas (1) entered on the subject properties, (2) without license or authority, and (3) the entry onto the property proximately caused damages to the plaintiffs. See Apel v. Katz (1998), 83 Ohio St.3d 11, 19, quoting Linley v.DeMoss (1992), 83 Ohio App.3d 594, 598. Only the issue of authority was disputed.
With its motion for summary judgment, Columbia Gas submitted evidence that the company owned a right of way on the subject properties that was first granted to its predecessor in 1912. Columbia argued that because it had possessory interest in the right of way, it had the right to go upon, and remain upon, plaintiffs' properties to install and maintain the gas line. To withstand summary judgment, plaintiffs needed to point to evidence that there were genuine issues of material fact as to Columbia's claimed right of way. Plaintiffs asserted that Columbia Gas had abandoned the right of way.
To establish abandonment of a right of way, a party must show both nonuse by holder of the right, and actual abandonment or intention to abandon. See West Park Shopping Ctr. v. Masheter,Dir. of Hwys. (1966), 6 Ohio St.2d 142, 144; Baker v. Semelsberger
(Apr. 15, 1998), Summit App. No. 18552, unreported, at 8, quoting 36 Ohio Jurisprudence 3d (1982) 493, Easements and Licenses, Section 87; Snyder v. Monroe Twp. Trustees (1996), 110 Ohio App.3d 443,457. Columbia Gas did not dispute the fact that the right of way had never been used. Therefore, in order to withstand summary judgment, plaintiffs needed only to point to evidence that there was a genuine issue of material fact as to whether Columbia had in fact intended to abandon the right of way.
Columbia claimed that it was entitled to summary judgment because there was no genuine issue of material fact that it had authority by virtue of the existing right of way, which it had not abandoned. In support of its summary judgment motion, Columbia submitted as evidence the affidavit of its Supervisor of Land Services, Michael Groomes. Groomes stated that because governmental entities often require utilities to relocate their facilities, it is general practice in the industry that "private rights of way, once obtained, are not abandoned without express consent. It is the common practice of Columbia Gas to express such consent by virtue of a full or partial release which is filed in the relevant county's records." Groomes further stated that it was never the intention of Columbia Gas to abandon the right of way.
Once Columbia Gas pointed to the evidence that established the existence of the right of way and the intent of Columbia Gas not to abandon it, the burden shifted to the plaintiffs to proffer evidence that there was a genuine issue of material fact as to the abandonment issue. Plaintiffs asserted that Columbia Gas had permitted a subdivision of homes to be built over the right of way and that such an act constitutes an indication of abandonment sufficient to withstand summary judgment. However, plaintiffs offered no evidence that the subdivision was built over the right of way.
Once the movant Columbia Gas met its burden of proof on the abandonment issue, which was an essential element of plaintiffs' case, the burden shifted to plaintiffs to point to some evidence that demonstrated a genuine issue of material fact on this point.Dresher, 75 Ohio St.3d at 293. Plaintiffs maintain on appeal that their assertion that a development was built over the right of way was sufficient to defeat Columbia's motion for summary judgment. However, the Rules of Civil Procedure are clear about the quality of evidence required to support motions for, or in opposition to, summary judgment. See Civ.R. 56(C). In its decision granting summary judgment, the trial court appropriately concluded that plaintiffs failed to submit valid Civ.R. 56(C) evidence in their response to the motion for summary judgment. Consequently, we need not address the legal issue of whether building a development over the right of way would constitute an indication of abandonment.
Plaintiffs' assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________ WILLIAM R. BAIRD
FOR THE COURT SLABY, J.
WHITMORE, J. CONCUR
[1] The city filed a responsive brief as an appellee in this appeal. However, the plaintiffs' appeal raises only the issues involved in the grant of summary judgment to Columbia Gas.
[2] Although appellants made two assignments of error, they both deal with the propriety of summary judgment on the instant facts, specifically with reference to the abandonment issue.