DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants/Cross-Appellees, Centerpointe Plaza Associates Limited Partnership and Carnegie Management and Development Corporation ("Centerpointe"), appeal the decision of the Medina County Court of Common Pleas granting judgment and awarding damages in the amount of $850,000 to Appellees/Cross-Appellants, Ethal Ann Bohaty, Susan Marie Bohaty, Barbara Ann Bohaty, John Vencel Bohaty and Belinda Louise Bohaty ("Bohatys"). The Bohatys cross-appeal the trial court's decision denying an award of prejudgment interest. We reverse.
 I.
The parties to this case are adjacent landowners, and their dispute arises over the removal of four white oak trees. In 1995, as part of a construction project, Centerpointe removed a portion of a of fence and four oak trees. On November 17, 1998, the Bohatys filed a complaint against Centerpointe. At issue was the location of the property line between the Bohatys and Centerpointe properties and the relation of the property line to a quadrangle of land where the fence and oak trees had been located.
The Bohatys asserted four claims: 1) quiet title under the doctrine of adverse possession, 2) trespass of real property, 3) statutory violation of R.C. 901.51, and 4) assault.[1] Centerpointe answered and filed a counterclaim against the Bohatys asserting trespass and interference with its construction.
After a trial on September 26 — 28, 2000, the jury rendered a verdict in favor of the Bohatys on their claim to quiet title, trespass of real property and statutory damages. The jury also assessed damages. On October 17, 2000, the trial court entered judgment for the Bohatys and awarded them damages in the amount of $850,000.
This appeal and cross-appeal followed.
 II. Centerpointe's First Assignment of Error: The jury findings, verdict, and judgment for adverse possession are not supported by clear and convincing evidence and are contrary to law.
In its first assignment of error, Centerpointe challenges the trial court's judgment regarding the Bohatys' claim to quiet title by adverse possession of Centerpointe's property.
To acquire property by adverse possession, the party claiming title under the common-law doctrine must demonstrate "exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." Grace v. Koch (1998), 81 Ohio St.3d 577, syllabus. Adverse possession must be proven by clear and convincing evidence. Id. Clear and convincing evidence is that proof which establishes in the minds of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469, 477.
The Bohatys presented the following evidence at trial in relation to their claim of adverse possession. In Medina County on Pearl Road is 150 acres of land that has been in the Bohaty family for 70 years.[2] John Bohaty, his mother and his sisters currently own the property. A wood post and barbed wire fence enclosing the property was constructed to secure animals and prevent trespassing. Throughout the past 70 years the family has used this commercially zoned land for storage, the family business,[3] a farm including farm animals and family picnics. Under the belief that the fence line was the property line, all of these activities occurred on the property located on the Bohatys' side of the fence.
Daniel Cunningham, a professional engineer, testified that his firm was hired to perform a survey of Centerpointe's property in 1989 and to update the survey in 1990. Cunningham's father prepared the survey. The survey depicts the fence at issue directly on the property line between the Bohaty and Centerpointe properties. Cunningham was uncertain if the actual fence was in fact flush with the property line. He testified that the survey showed a visual observation of the existence of the fence, not necessarily the physical location of the fence.
To make possession adverse, "there must have been an intention on the part of the person in possession to claim title, so manifested by his declarations or his acts, that a failure of the owner to prosecute within the time limited, raises a presumption of an extinguishment or a surrender of his claim[.]" (Emphasis sic.) Grace, 81 Ohio St.3d at 581, quoting Lane v. Kennedy (1861), 13 Ohio St. 42, 47. At trial, the Bohatys did not assert the use of any land beyond their side of the fence, and therefore, they failed to demonstrate an intention to claim title from another property owner. The evidence at trial merely established the Bohatys' use of the property on their side of the fence.
The Bohatys failed to prove the elements of adverse possession. Accordingly, they were not entitled to the remedy to quiet title under the doctrine of adverse possession. Centerpointe's first assignment of error is sustained.
 III. Centerpointe's Second Assignment of Error: The award of $850,000 in damages is not supported by the evidence and is excessive, duplicative, and contrary to law.
 Centerpointe's Third Assignment of Error: There was no evidence that Centerpointe acted "recklessly" as required to support the trebling of damages pursuant to ohio revised code section 901.51.
 Centerpointe's Fourth Assignment of Error: The trial court erred to centerpointe's substantial prejudice by giving a jury trial instruction defining "recklessly" contrary to the definition expressly prescribed by the supreme court.
 Bohatys' First Assignment of Error: The trial court erred by failing to award plaintiffs prejudgment interest.
 Bohatys' Second Assignment of Error: The trial court failed to issue finding Of fact and conclusions of law as required by ohio rule of civil procedure 52.
Centerpointe's second, third and fourth assignments of error and the Bohatys' first and second assignments of error are related to the Bohatys' trespass claim[4] and will be considered together for ease of discussion.
"A common-law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue[.]"Linley v. DeMoss (1992), 83 Ohio App.3d 594, 598.
In an action to recover damages for injury to real property, a landowner is entitled to recover reasonable restoration costs, plus the reasonable value of the loss of use of the property between the time of the injury and the time of restoration. Reeser v. Weaver Bros., Inc. (1992), 78 Ohio App.3d 681, 691-692. However, under the general damages rule, recoverable restoration costs are limited to the difference between the pre-injury and post-injury fair market value of the real property.Ohio Collieries Co. v. Cocke (1923), 107 Ohio St. 238; Reeser,78 Ohio App.3d at 692. Therefore, if restoration costs exceed the diminution in fair market value, the diminution in value becomes the measure of damages. Furthermore, recovery under this rule necessarily places the burden of establishing the diminution in market value on the complaining party. Reeser, 78 Ohio App.3d at 686.[5]
An exception to the general damages rule provides that restoration costs may be recovered in excess of diminution in fair market value when real estate is held for non-commercial use, when there are reasons personal to the owner for seeking restoration, and when the diminution in fair market value does not adequately compensate the owner for the harm done. See, e.g., Denoyer v. Lamb (1984), 22 Ohio App.3d 136, paragraph one of the syllabus. We note the Bohatys' property was zoned commercial, and therefore, this exception is not applicable.
In the present case, the record is dehors of evidence of the fair market value of the Bohatys' property before and after the alleged trespass.[6] A private forestry consultant performed an evaluation of the four standing trees and valued the standing trees at $82,837. John Bohaty testified that the damage to their property included the destruction of four white oak trees, a storage shed, an unspecified inventory of clay pots, and a portion of a barbed wire fence. Neither John nor any other witness provided a fair market value for the property with these items before and after the alleged trespass.
A claim of trespass of real property includes the element of damages.Linley, 83 Ohio App.3d at 598. After a careful review of the record, we find the Bohatys did not present evidence to prove their measure of damages, and therefore, failed to prove their claim of trespass. Accordingly, Centerpointe's second assignment of error is sustained. Having found that the Bohatys failed to prove their trespass claim, Centerpointe's third and fourth assignments of error and Bohatys' first and second assignments of error need not be addressed and are overruled.
 IV. Centerpointe's Fifth Assignment of Error: The trial court erred to the substantial prejudice of Centerpointe by denying its motions for directed verdict and for judgment notwithstanding the verdict.
 Centerpointe's Sixth Assignment of Error: The trial court erred to centerpointe's substantial prejudice by denying its motion for a new trial when the jury findings, verdict, and judgment were contrary to the manifest weight of the evidence and the damages were clearly excessive.
In its fifth and sixth assignments of error, Centerpointe challenges the trial court's denial of its motion for a directed verdict and judgment notwithstanding the verdict. Our disposition of the previous assignments of error renders Centerpointe's fifth and sixth assignments of error moot. Centerpointe's fifth and sixth assignments of error are overruled.
 V.
Having sustained Centerpointe's first and second assignments of error, we reverse the judgment of the trial court.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.
[1] The record reflects that the Bohatys did not pursue the assault claim at trial, and therefore, it is not before this court on appeal.
[2] The record reflects that the Bohaty property is known in the Medina County Recorder's office as Whole Lot No. 5770.
[3] The family business is selling new and used farm equipment. Also located on the property is a shed containing clay pots that are for sale.
[4] The evidence is unclear as to the exact location of the trees at issue. If the trees were located on Centerpointe's property, naturally no action for trespass lies. Therefore, we address these assignments of error as if the trees were located on the Bohatys' property.
[5] The record reflects both parties made preliminary objections to the jury instructions however neither party properly preserved an objection to the jury instructions. Civ.R. 51; Pena v. Northeast Ohio EmergencyAffiliates, Inc. (1995), 108 Ohio App.3d 96, 112.
[6] At oral argument, the Bohatys conceded there was no evidence presented at trial of the fair market value of their whole property before and after the alleged trespass.