This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Antonio J. Lorenzo, appeals the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees, Officers Eric Paull and William Aey of the Akron Police Department ("APD").[1] This Court affirms.
 I. {¶ 2} This appeal arose as a result of an incident that occurred on July 29, 2000. Lorenzo was with some friends at Fat Tuesday's Daiquiri Bar in Akron. Lorenzo's female friends were involved in a fight with other female bar patrons, and the two groups were asked to leave Fat Tuesday's. APD officers were working in the vicinity, and the doorman from Fat Tuesday's flagged down Officers Sims and Friedman and reported the fight. Once outside Fat Tuesday's, the two groups continued to exchange comments, and the officers believed they were getting ready to fight. Officers Sims and Friedman attempted to separate the two groups and reported a possible fight on the police radio. Lorenzo approached the officers to get help for his friends. When the officers did not respond to Lorenzo's requests for help, Lorenzo shouted, "Are you fucking blind?"
 {¶ 3} Officers Paull and Aey were also in the vicinity due to a fight at another downtown establishment. Officers Aey and Paull responded to the scene and witnessed Lorenzo yelling at Officer Sims. Lorenzo was asked repeatedly by the officers to leave the area, but he refused to do so. Instead, Lorenzo continued to make comments and act aggressively towards the officers. Officer Paull arrested Lorenzo, charging him with disorderly conduct, a violation of Akron City Code Section 132.01(A)(1).
 {¶ 4} Lorenzo pled not guilty to the charge of disorderly conduct and the matter proceeded to bench trial. On October 13, 2000, Lorenzo was found not guilty.
 {¶ 5} On July 27, 2001, Lorenzo filed a complaint in the Summit County Court of Common Pleas against appellees and several other defendants, alleging false arrest, malicious prosecution, intentional infliction of emotional distress, abuse of process, assault, and due process.
 {¶ 6} On August 24, 2001, the defendants removed the case to the United States District Court for the Northern District of Ohio, Eastern Division. On November 16, 2001, the federal court remanded counts one through five of the complaint to the common pleas court and retained jurisdiction over count six. Lorenzo subsequently dismissed count six without prejudice.
 {¶ 7} On February 13, 2002, appellees filed a motion for summary judgment. Lorenzo filed a response to appellees' motion for summary judgment on March 15, 2002. The trial court granted appellees' motion for summary judgment, holding that they were immune from liability pursuant to Chapter 2744 of the Ohio Revised Code.
 {¶ 8} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 9} "WHETHER THE DECISION OF THE TRIAL COURT, GRANTING SUMMARY JUDGMENT TO THE DEFENDANT-APPELLEES, WAS IMPROPER."
 {¶ 10} In his sole assignment of error, Lorenzo argues that the trial court erred in granting summary judgment to appellees. This Court disagrees.
 {¶ 11} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 12} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
 {¶ 13} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 14} Appellees argue, as they did at the trial court level, that they are entitled to the defense of sovereign immunity under Chapter 2744 of the Revised Code. Pursuant to R.C. 2744.03(A)(6), an employee of a political subdivision is immune from civil liability unless one of three exceptions applies: (1) the employee's conduct was manifestly outside the scope of his employment or official responsibilities; (2) the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) liability is expressly imposed upon the employee by a section of the Revised Code. The second exception is relevant here.
 {¶ 15} Lorenzo argues that appellees are not entitled to immunity because they made derogatory remarks to him while placing him under arrest. Lorenzo claims that the appellees called him "Mr. Sleazy girl man," referred to him by stating "we have Lorenzo" and were laughing and harassing him with derogatory remarks immediately after arresting him.
 {¶ 16} In order to defeat summary judgment on his claim against Officers Paull and Aey under R.C. 2744.03(A)(6)(b), Lorenzo must show some genuine issue of material fact as to whether Officers Paull and Aey acted with "malicious purpose, in bad faith, or in a wanton or reckless manner." Lorenzo argues that the officers acted with malicious purpose.
 {¶ 17} In applying the standard set forth in R.C. 2744.03(A)(6)(b), this Court has stated: "`Malice' refers to the willful and intentional design to do injury." Piro v. Franklin Twp. (1995), 102 Ohio App.3d 130,139, citing Jackson v. Butler Cty. Bd. of Cty. Commrs. (1991),76 Ohio App.3d 448, 453. Malice may be inferred from proof of lack of probable cause. Doty v. Marquis (Sept. 22, 2000), 7th Dist. No. 99 JE 9, citing Melanowski v. Judy (1921), 102 Ohio St. 153, 155. It follows that the opposite is also true. In this case, the trial court denied Lorenzo's Crim.R. 29 motion. The trial court's denial of Lorenzo's Crim.R. 29 motion is evidence that there was probable cause for his arrest. There is no lack of probable cause from which the element of malice may be inferred.
 {¶ 18} Lorenzo has failed to present evidence creating a genuine factual dispute that appellees acted with malice, bad faith, or in a wanton or reckless manner. Lorenzo cites to no evidence that Officers Paull and Aey acted out of ill will toward him, that they intended to cause harm to him, or that they recognized that their conduct would likely result in injury to him. Absent such evidence, the trial court properly granted summary judgment for appellees. See Fabrey v. McDonaldVillage Police Dept. (1994), 70 Ohio St.3d 351; Cook v. Cincinnati
(1995), 103 Ohio App.3d 80; Linley v. DeMoss (1992), 83 Ohio App.3d 594.
 III. {¶ 19} Appellant's sole assignment of error is overruled. The judgment of the Court of Common Pleas of Summit County, Ohio is hereby affirmed.
 {¶ 20} The Court finds that there were reasonable grounds for this appeal.
 {¶ 21} We order that a special mandate issue out of this Court, directing the , County of , State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
 {¶ 22} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
BAIRD, P.J. and WHITMORE, concurs.
[1] While summary judgment was also granted in favor of the City of Akron, appellant's appeal only addresses the actions of Officers Paull and Aey. Originally, the APD was also named as a defendant, but the trial court dismissed the APD, holding that the City of Akron was the real party in interest.