{¶ 40} I must respectfully dissent from the conclusion reached by the majority with regard to the first assignment of error, which I would sustain.
 {¶ 41} I cannot believe that the appellant knowingly waived her right to share the final, total, matured proceeds of the appellee's pension when it became distributed. I cannot distinguish this case from the Supreme Court decision in Hoyt v.Hoyt (1990), 53 Ohio St.3d 177, which found that the wife in that case was entitled to what is called a coverture fraction. This refers to a fraction of the final pension proceeds as determined as of the date of the divorce decree, but is applied to the final full proceeds of the pension plan that the spouse, the appellee in this case, actually receives. The Supreme Court there stated that a "trial court must obtain a result which will preserve the assets so that each party can procure the most benefit." Id., at 179, 181. The trial court here justified its decision by focusing on the phrase "accrued through" in the parties' separation agreement citing Black's Legal Dictionary as defining "accrued" as "due and payable, vested." The pension here was vested just as it was in the Hoyt case, but it was not due and payable on the date of the separation agreement. I find that the word "accrued" here refers to the fraction of the pension plan to be payable to the spouse when the employed spouse receives it in its full and payable form. As in the Hoyt case, just as here, it is inequitable to place a present value upon a retirement asset to be received later, and, therefore, division based upon a fixed value is not appropriate. Id., at 184.
 {¶ 42} This court itself has followed the Hoyt decision on many occasions, e.g., Layne v. Layne (1992),83 Ohio App.3d 599. We have found in a number of cases that a former spouse is entitled to the benefit of any increase in the value of the unmatured proportionate share after divorce which is attributable to the continued participation of the other spouse in the retirement plan. I find that the decision here which reduces the appellant's share of the pension benefits by nearly four times the value is, as the appellant said in her brief, "unfair, inequitable, and constitutes an abuse of discretion." I would, therefore, sustain the first assignment of error, but I agree with the majority as to the second assignment.