JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, The Illuminating Company, appeals from the judgment of the Cuyahoga County Court of Common Pleas denying The Illuminating Company's motion for summary judgment regarding its counterclaim against plaintiff-appellee, Clark Moore, for frivolous conduct in a civil action. The Illuminating Company contends that the trial court erred in denying its motion because Moore maintained suit against it despite knowledge there was no reasonable basis for the suit. For the reasons that follow, we affirm the judgment of the trial court.
 FACTS AND PROCEDURAL HISTORY {¶ 2} The record reflects that in June 2000, Moore tripped and fell in a hole located next to a newly installed utility pole while he was walking along a tree lawn in front of a home located at 9815 Elwell in Cleveland
 {¶ 3} He subsequently filed suit against the property owner, the City of Cleveland, Cleveland Public Power, The Illuminating Company, Buckeye Homes Limited Partnership, and SBC Ameritech.[1] In his amended complaint, Moore alleged that one or more of the defendants dug a hole next to an existing utility pole, placed a new utility pole in the new hole, removed the old pole from the old hole and then left a vacant hole where the old pole used to be.
 {¶ 4} The Illuminating Company answered Moore's complaint and also asserted a counterclaim for frivolous conduct pursuant to R.C. 2323.51. In its counterclaim, The Illuminating Company alleged that Moore had been made aware that it did not own or replace the pole at issue and, therefore, had not caused Moore's damages, but "despite the foregoing, plaintiff continues to attempt suit against The Illuminating Company." The Illuminating Company asserted that Moore's actions constituted frivolous conduct in a civil action and, therefore, it was entitled to damages from Moore.
 {¶ 5} The Illuminating Company subsequently filed a motion for summary judgment, arguing that it was entitled to judgment in its favor because it did not control any poles or holes anywhere near the scene of Moore's alleged fall. Moore filed a brief in opposition to The Illuminating Company's motion for summary judgment and his own motion for summary judgment regarding The Illuminating Company's counterclaim.
 {¶ 6} The trial court granted The Illuminating Company's motion for summary judgment in part and granted Moore's motion for summary judgment regarding the Company's counterclaim. The trial court subsequently dismissed the case after Moore and the other defendants advised the court that the case had settled.
 {¶ 7} The Illuminating Company timely appealed, asserting two assignments of error for our review.
 ASSIGNMENTS OF ERROR {¶ 8} Although The Illuminating Company asserts two assignments of error, they both argue the same issue; namely, that the trial court erred in denying the Company's motion for summary judgment on its counterclaim and in granting Moore's motion for summary judgment regarding the Company's counterclaim. Accordingly, we consider the assignments of error together.
 SUMMARY JUDGMENT STANDARD {¶ 9} This court reviews the lower court's grant of summary judgment de novo in accordance with the standards set forth in Rule 56(C) of the Ohio Rules of Civil Procedure. N. Coast Cablev. Hanneman (1994), 98 Ohio App.3d 434, 440. To obtain a summary judgment under Civ.R. 56(C), the moving party must demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party bears the initial burden of informing the court of the basis of the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 430. If the moving party discharges its initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, Mitseff v. Wheeler (1998),38 Ohio St.3d 112. Summary judgment is appropriate if, after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to that party. Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-370; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. Any doubts must be resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 LEGAL ANALYSIS {¶ 10} A court may award court costs, reasonable attorney's fees, and other reasonable expenses to any party to a civil action who is adversely affected by another party's frivolous conduct. R.C. 2323.51(B)(1).
 {¶ 11} Frivolous conduct is conduct of a party to a civil action or his or her counsel which 1) only serves to harass or maliciously injure the opposing party in a civil action, or 2) is unwarranted under existing law and for which there is no "good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a)(i) and (ii).
 {¶ 12} The Illuminating Company contends on appeal that the trial court erred in denying its motion for summary judgment regarding its counterclaim and in granting Moore's motion for summary judgment on its counterclaim because Moore's filing of a claim against the Company, and his maintenance of that claim, was frivolous conduct.
 {¶ 13} The Company first contends that Moore had notice prior to filing his complaint that The Illuminating Company was not responsible for his damages. The Company points to a letter dated October 19, 2000, from William Collins, a claims examiner for the Company, to Moore's counsel, in which Mr. Collins stated:
 {¶ 14} "I must report to you that the result of my investigation shows that the Illuminating Company and/or First Energy does not have or use the street right of way in front of 9815 Elwell Ave. in Cleveland The Illuminating Company does not have plant or property in front of 9815 Elwell Ave. in Cleveland, nor have we worked or participated in any work that would in any way cause a depression or hole in front of 9815 Elwell Ave. in Cleveland, Ohio. As a consequence, I must state that the Illuminating Co. has no liability in this case and must deny any claim you bring on behalf of Clark Moore."
 {¶ 15} The Company argues that this letter put Moore on notice prior to filing suit that it was not liable for Moore's damages and, therefore, Moore's conduct in filing suit against it was frivolous. We disagree.
 {¶ 16} As Moore pointed out in his motion for summary judgment regarding the Company's counterclaim, prior to his filing suit, all of the potential defendants — including the City of Cleveland, which was ultimately determined to be liable — denied liability. The Illuminating Company seems to be asserting that merely because it denied liability, it could not be sued. The Company's argument, however, presupposes that an attorney for a plaintiff should always rely upon the representation of a potential defendant denying liability and that once liability has been denied, suit can never be initiated. Such an assumption is very naive. Indeed, as demonstrated in this case, although the City of Cleveland initially denied liability, it was ultimately determined to be the tortfeasor and paid damages to Moore. Obviously, the mere fact that an entity denies liability does not make it immune from suit. Moreover, merely suing a party who denies liability does not constitute frivolous conduct pursuant to R.C. 2323.51. Here, because all the utilities had denied liability, Moore did what any prudent plaintiff would do: he sued all potential tortfeasors.
 {¶ 17} The Company next asserts that Moore's conduct in filing suit against it was frivolous because Moore failed to conduct a reasonable inquiry, prior to bringing suit, into whether the Company was liable. "[W]hen a trial court has determined that reasonable inquiry by a party's counsel of record should reveal the inadequacy of a claim, a finding that the counsel of record has engaged in frivolous conduct is justified, as is an award, made within the statutory guidelines, to any party adversely affected by the frivolous conduct." RonScheiderer Assoc. v. London (1998), 81 Ohio St.3d 94, 97.
 {¶ 18} In addition to Collins' letter denying liability on behalf of the Illuminating Company, Moore's counsel received a letter dated December 26, 2001, from Cynthia Lis, a claims examiner for the City of Cleveland, in which she stated: "After a thorough investigation of your client's claim, it was determined that the City of Cleveland was not negligent in this incident" and, therefore, "I must respectfully deny your claim."
 {¶ 19} The Company argues that because the City's letter to Moore's counsel merely denied liability, rather than denying that the City owned the pole, counsel for Moore should have somehow ascertained that the City, rather than the Illuminating Company, owned the pole at issue. We decline to speculate in this manner, however.
 {¶ 20} The Company also argues that because it told Moore it was not liable, he should have investigated further before filing suit. The Company argues that "it does not take a rocket scientist to figure out how to reasonably conduct this inquiry: for example, a simple phone call to The Illuminating Company's customer service department would reveal in a reliable manner (and considering the context) from a totally neutral source that The Illuminating Company cannot provide electric or maintenance service to 9815 Elwell Road since it does not have any poles or wires at that location."
 {¶ 21} The Company's argument is without merit. First, it is apparent that The Illuminating Company's customer service department is not a "totally neutral source" of information regarding its own liability. Moreover, the record reflects that Moore's counsel did investigate the liability of the various utilities prior filing suit but all potential defendants denied liability. We are not prepared to find frivolous conduct in this case merely because the Company denied liability but Moore sued it anyway.
 {¶ 22} Finally, the Company argues that Moore maintained his suit against it long after he knew that it was not liable and that such action constituted frivolous conduct. As evidence that Moore and his counsel maintained the lawsuit against it despite knowledge that the Company was not liable, the Company directs our attention to a letter dated October 14, 2002, from Moore's counsel to its defense counsel, in which Moore's counsel stated:
 {¶ 23} "Following the October 7, 2002 deposition, I had an opportunity to speak with Mr. Moore. He has authorized me to dismiss C.E.I. However, I cannot file a voluntary dismissal because there is a counterclaim. If you are willing to dismiss the counterclaim, please advise and I will prepare the 41(A) dismissal entry."
 {¶ 24} The Company contends that Moore's failure to immediately dismiss his claims against it constitutes frivolous conduct pursuant to the statute. We disagree.
 {¶ 25} We find nothing in the record to indicate that counsel's representation that he felt bound by Civ.R. 41(A) and, therefore, could not dismiss his client's claim against the Company was false. Moreover, there is nothing in the record to support the Company's speculation that counsel's "ulterior purpose" in not dismissing the Company was to force it to dismiss its counterclaim. Finally, the record does not support the Company's assertion that Moore "allowed his claim to linger against the Illuminating Company for more than six months after settling with the tortfeasor." The record indicates only that the trial court dismissed the case on May 28, 2003, after the parties advised the court that the case had been settled; there is nothing to indicate that Moore settled with the City six months earlier.
 {¶ 26} Because there is no genuine issue of material fact regarding whether or not Moore's or his counsel's conduct in filing suit against the Illuminating Company or maintaining that suit was frivolous conduct, the trial court properly granted summary judgment in favor of Moore on the Illuminating Company's counterclaim. Appellant's assignments of error are therefore overruled.
 {¶ 27} The judgment is affirmed.
Judgment affirmed.
Anne L. Kilbane, P.J., and Frank D. Celebrezze, Jr., J. concur.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The trial court subsequently dismissed Moore's complaint against Cleveland Public Power and Moore later dismissed his claims against Ameritech.