JOURNAL ENTRY AND OPINION
{¶ 1} John and Margaret Henderson (the "Hendersons") appeal from the trial court's adoption of the magistrate's findings and decision. The Hendersons claim that the court should have awarded them damages for trespass and granted their claims for abuse of process and frivolous conduct. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} This case arose from a property dispute between the Hendersons and their neighbors, Paulette and Frank Fantozzi (the "Fantozzis"). Paulette Fantozzi is the owner of property located at 9167 Dogwood Circle, Brecksville, Ohio. Frank Fantozzi is her spouse, and both parties reside at the Fantozzi property. Immediately to the east and downhill of the Fantozzi property is a parcel of property known as 9168 Brecksville Road, Brecksville, Ohio, currently owned by the Hendersons.
 {¶ 3} On January 27, 2001, Paulette Fantozzi filed a complaint against the Hendersons seeking to quiet title to a strip of land on the Henderson property bounded on the west by the actual 153 foot property line between the Henderson and Fantozzi properties, bounded on the east by a 153 foot line parallel and approximately 20 feet east of the actual border between the Henderson and Fantozzi properties, and bounded on the north and south by the northerly and southerly boundaries of the Henderson property (hereinafter the "disputed property"). Paulette Fantozzi claimed that through adverse possession and acquiescence, she and her husband gained control over this disputed property. However, on February 22, 2005, the magistrate found Paulette Fantozzi's claims to be invalid and ruled that the Hendersons were entitled to have title quieted with respect to the disputed property. The trial court adopted this decision on June 3, 2005.
 {¶ 4} The Hendersons filed a counterclaim and third-party complaint, seeking damages for trespass, abuse of process and frivolous conduct pursuant to R.C. 2323.51.[1]
Additionally, at the trial for damages held on June 10, 2005, the Hendersons, for the first time, asserted a claim for damages pursuant to R.C. 901.51 as a result of the Fantozzis' act of trespass.
 {¶ 5} In their counterclaim and third-party complaint, the Hendersons allege several acts of trespass. First, the Hendersons claim that sometime between September 1997 and September 1999, Frank Fantozzi entered the Henderson property and cleared a 30 by 40 foot area in the southwest corner of the Henderson property. At that time, only trees and thick underbrush populated the area. When Frank Fantozzi finished clearing the area, only a one- to two-foot high stubble of cut trees and underbrush remained. The Hendersons claimed as damages for this trespass, the cost of repopulating the 30 by 40 foot area with trees.
 {¶ 6} Sometime after Frank Fantozzi cleared this area, Ann Henderson, daughter of the Hendersons, complained to Frank Fantozzi regarding the clearing of the area. Frank Fantozzi offered to compensate her by planting fruit tree saplings in this area, to which Ann Henderson gave an ambiguous response. Nevertheless, Frank Fantozzi planted nine fruit tree saplings, which he intended to plant elsewhere in the 30 by 40 foot area.
 {¶ 7} The Hendersons also claimed that the Fantozzis' trespassed onto their property when they regraded an area of their property. The magistrate previously found that when the Fantozzis purchased the Fantozzi property, the portion of the property east of the Fantozzis' house sloped from west to east. In the fall of 1990, the Fantozzis regraded this area to be level. When the regrading was complete, the level area ended approximately at the actual property line between the Fantozzi and Henderson properties. A steep slope extended from this point to a point that varied between ten and twenty feet onto the Henderson property within the disputed area. Additionally, the magistrate previously found that prior to the regrading, Frank Fantozzi created a line drawing showing the proposed regrading. This drawing showed the regrading extending to a pipe boundary marker located on the northern edge of the Henderson property. A line drawn directly south from this pipe boundary marker coincides with the eastern edge of the disputed property. John Henderson signed this document to express his consent to the regrading.
 {¶ 8} The Hendersons claimed that this regrading altered the flow of water coming off of the Fantozzi property onto the Henderson property causing damage to their driveway and yard. The Hendersons claimed as damages for trespass, the cost of repairing or restoring their driveway and the cost of building a drainage system.
 {¶ 9} In the summer of 2004, the Hendersons erected a chainlink fence six inches to the east of the actual property line between the Fantozzi and Henderson properties. The Hendersons claimed as damages for trespass the cost of the fence.
 {¶ 10} On June 10, 2005, the magistrate issued its decision finding in favor of the Fantozzis on the Hendersons' claims for damages, abuse of process and frivolous conduct. Specifically, the magistrate found that the Hendersons were not entitled to damages for the clearing of the 30 by 40 foot area, the regrading of their property, and the installation of the chainlink fence. Additionally, the magistrate concluded that the Hendersons waived their claim pursuant to R.C. 901.51 when they failed to raise this claim until the damages portion of trial. Finally, the magistrate concluded that the Hendersons' claims for abuse of process and frivolous conduct were not supported by any evidence.
 {¶ 11} The Hendersons filed their objections to the magistrate's decision on September 9, 2005. On October 11, 2005, the trial court overruled the objections and adopted the magistrate's decision.
 {¶ 12} The Hendersons appeal from this order, raising the three assignments of error contained in the appendix to this opinion. In all three assignments of error, the Hendersons find error with the trial court's adoption of the magistrate's decision.
 {¶ 13} The standard of review on appeal from a decision of a trial court adopting a magistrate's decision pursuant to Civ.R. 53(E)(4) is whether the trial court abused its discretion.O'Brien v. O'Brien, Cuyahoga App. No. 86430, 2006-Ohio-1729. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying this standard of review, an appellate court may not substitute its judgment for that of the trial court. Modie v. Andrews (July 26, 2000), Summit App. No. 19543. Therefore, if there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion. State v. Mink,101 Ohio St.3d 350, 2004-Ohio-1580.
 {¶ 14} In their first assignment of error, the Hendersons argue that the trial court erred in concluding that they did not suffer damages as a result of Frank Fantozzi clearing a 30 by 40 foot area on their property.[2] We disagree.
 {¶ 15} A common law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue. Linley v. DeMoss (1992),83 Ohio App.3d 594. As found by the magistrate, the Fantozzis' entered the Hendersons' property on numerous occasions to trim trees, cut grass, and remove trees and underbrush without the Hendersons' permission. However, notwithstanding these acts of trespass by the Fantozzis, the Hendersons are not entitled to recover on their claim of trespass absent proof of damages arising as the result of this trespass. Bohaty v. CenterpointePlaza Assoc. Limited Partnership, Medina App. No. 3143-M, 2002-Ohio-749.
 {¶ 16} The Hendersons seek $26,000 as damages; this is the amount equal to the cost of restoring the 30 by 40 foot area into a woodland. In an action to recover damages for injury to real property as the result of trespass, a landowner is entitled to recover reasonable restoration costs, plus the reasonable value of the loss of use of the property between the time of the injury and the time of restoration. Reeser v. Weaver Bros., Inc.
(1992), 78 Ohio App.3d 681. However, under the general damages rule, recoverable restoration costs are limited to the difference between the pre-injury and post-injury fair market value of the real property. Reeser, supra. Therefore, if restoration costs exceed the diminution in fair market value, the diminution in value becomes the measure of damages. Bohaty, supra. Moreover, recovery under this rule necessarily places the burden of establishing the diminution in value on the complaining party.Bohaty, supra; Reeser, supra.
 {¶ 17} An exception to this general damages rule provides that restoration costs may be recovered in excess of diminution in fair market value when real estate is held for noncommercial use, when there are reasons personal to the owner for seeking restoration, and when the diminution in fair market value does not adequately compensate the owner for the harm done. Apel v.Katz (1998), 83 Ohio St.3d 11, 20, 1998-Ohio-420; Denoyer v.Lamb (1984), 22 Ohio App.3d 136. Courts that have applied this exception to the general rule regarding trespass damages require a showing that the trespass caused damage to a unique aspect of the injured property that was important to the owner's use of the injured land. Denoyer, supra. Johnson v. Hershberger,
Columbiana App. No. 99-CO-38, 2000-Ohio-2580. Additionally, Ohio courts have refused to award damages in excess of diminution in value in cases where the trees removed were trees indigenous to the area and where no special use of the area for recreation was demonstrated. Dotson v. Village Reserve Development Co. (July 14, 1999), Lorain App. No. 98CA007066 (owner not entitled to replacement cost where naturally growing trees were wrongfully cut on rear of parcel infrequently visited by owner); Kapcsos v.Hammond (1983), 13 Ohio App.3d 140 (owner not entitled to replacement cost where trees were wrongfully removed that consisted of a "woodland mix . . . not particularly unique to the parcel [and that were] . . . not ornamental").
 {¶ 18} In the present case, the Hendersons did not use or maintain the southwest corner of the property that included the 30 by 40 foot patch of land cleared by Frank Fantozzi. Additionally, the Hendersons could not even see the area cleared by Frank Fantozzi. In his own words, John Henderson testified that when Frank Fantozzi cleared the trees, he was dealing with family issues and "didn't give a [expletive deleted] about the trees." Moreover, the Hendersons did not testify that they planted the trees for a special purpose nor did they clear trails in the area to enjoy the natural beauty. Furthermore, the Hendersons did not establish that they used this 30 by 40 foot area of land for recreational purposes.
 {¶ 19} We agree with the findings of the magistrate and the trial court that this case is analogous to that of Dotson v.Village Reserve Development Co., supra, a case in which an owner had not visited his property for at least six months prior to the wrongful removal of naturally occurring trees. Accordingly, we find that competent, credible evidence exists to support the trial court's conclusion that the Hendersons were not entitled to damages in excess of the diminution in value of the property as the result of the removal of the trees.
 {¶ 20} Moreover, we further agree with the trial court's conclusion that because the Hendersons failed to present evidence proving their measure of damages with regard to the removal of trees from the 30 by 40 foot area, they cannot recover on their trespass claim for damage that resulted from removing the trees and brush in that area. A claim of trespass includes the element of damages. Bohaty, supra. As stated above, the burden of establishing the diminution in market value is placed on the complaining party. Bohaty, supra; Reeser, supra. Therefore, we find competent, credible evidence existed which supports the trial court's conclusion that the Hendersons failed to establish the element of damages.
 {¶ 21} Based on the foregoing, we conclude that the trial court did not abuse its discretion when it determined that the Hendersons were not entitled to damages for the wrongful removal of trees and underbrush from their property. The Hendersons' first assignment of error is overruled.
 {¶ 22} In their second assignment of error, the Hendersons argue that they did not waive any claim brought pursuant to R.C.901.51 because they raised this claim at the beginning of the damages portion of trial. We disagree.
 {¶ 23} R.C. 901.51 makes a person liable in treble damages for injury caused by recklessly cutting, destroying, or otherwise injuring shrubs, saplings, or trees on the land of another. However, a claim for trespass that does not make specific mention of the claimant's right to treble damages does not properly assert a claim pursuant to R.C. 901.51. Denoyer v. Lamb (1984),22 Ohio App.3d 136.
 {¶ 24} In the present case, neither the Hendersons answer, counterclaim, third-party complaint, amended counterclaim or third-party complaint mention their right to treble damages pursuant to R.C. 901.51. In fact, the Hendersons did not assert this right until June 10, 2005, the first day of the damages portion of trial. Accordingly, we agree with the trial court's conclusion that the Hendersons had not asserted a claim pursuant to R.C. 901.51.
 {¶ 25} The Hendersons argue that because they raised the R.C.901.51 claim at the beginning of trial, they did not waive any claim for treble damages. Miller v. Jordan (1993),87 Ohio App.3d 819. However, that is not what the Hendersons did in this case. The Hendersons did not raise their claim for treble damages until June 10, 2005, nearly four years after the initial complaint had been filed and more than four months after the initial trial on the quiet title action took place. As such, there exists competent, credible evidence supporting the trial court's disposition of this claim. Therefore, we find that the trial court did not abuse its discretion when it held that the Hendersons waived their claim to treble damages pursuant to R.C.901.51.
 {¶ 26} The Henderons' second assignment of error is overruled.
 {¶ 27} In their third and final assignment of error, the Hendersons argue that their claims of abuse of process and frivolous conduct were well founded under the law. We disagree.
 {¶ 28} To recover on a claim for abuse of process, a claimant must prove three elements: 1) that a legal proceeding has been set in motion in proper form and with probable cause; 2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and 3) that direct damage has resulted from the wrongful use of process.Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A.,68 Ohio St.3d 294, 1994-Ohio-503, paragraph one of the syllabus.
 {¶ 29} In the present case, the trial court found that the Hendersons presented no evidence that indicates that Paulette Fantozzi had any motive in filing the present case other than to resolve an ever escalating dispute between the parties as to ownership of the property. The trial court further found that this is precisely the purpose for which a quiet title case is designed. We cannot disagree with this conclusion.
 {¶ 30} The only argument the Hendersons brought forth in support of their claim of abuse of process is that the Fantozzis' had seen prior land surveys showing the correct property line and that they continued this legal proceeding in an attempt to bully a retired couple out of their land. This is an argument, not evidence. Additionally, Paulette Fantozzi brought the quiet title action because she believed her actions and the actions of the immediate predecessors of her property, allowed her to acquired title to the disputed property by adverse possession and acquiescence. Therefore, the correct property line, whether known by the Fantozzis or not, has no bearing on whether the Fantozzis abused the legal process. We find that there exists competent, credible evidence to support the trial court's conclusion that the Hendersons' claim for abuse of process was not grounded in the law.
 {¶ 31} The Hendersons also brought a claim for frivolous conduct. Pursuant to R.C. 2323.51(B)(1), a court may award court costs, reasonable attorney's fees, and other reasonable expenses to any party to a civil action who is adversely affected by another party's frivolous conduct. Moore v. City of Cleveland,
Cuyahoga App. No. 83070, 2004-Ohio-360. Frivolous conduct is conduct of a party to a civil action or his or her counsel that: 1) only serves to harass or maliciously injure the opposing party in a civil action; or 2) is unwanted under existing law and for which there is no "good faith argument for an extension, modification, or reversal of existing law." R.C.2323.51(A)(2)(a)(i) and (ii); Moore, supra.
 {¶ 32} In the present case, the trial court concluded that the Hendersons failed to present any evidence of conduct by the Fantozzis or their counsel that served only to harass or maliciously injury the Hendersons. Rather, the trial court concluded that the filing of the lawsuit was a good faith attempt to resolve the dispute between the property owners. For the reasons stated above in our analysis of the Hendersons' abuse of process claim, we find competent, credible, evidence exists to support the trial court's conclusions.
 {¶ 33} Accordingly, we find that the trial court did not abuse its discretion when it determined that the Hendersons were not entitled to recover on their claims for abuse of process and frivolous conduct.
 {¶ 34} The Hendersons' third and final assignment of error is overruled.
 {¶ 35} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Blackmon, J., concur.
 APPENDIX A Assignments of Error: "I. The court erred in its conclusions of law, wherein thecourt ruled that despite there being a trespass and cutting downof threes in a 30 x 40 foot area by plaintiff Paulette Fantozziand third party defendant Frank Fantozzi upon defendants JohnHenderson and Margaret Henderson's property, there were nodamages, despite case law to the contrary. See Miller v.Jordan (Preble 1993 12th Ohio App. Dist.) 87 Ohio App.3d 819.
 II. The trial court erred in denying the Henderson's claimsfor damages pursuant to R.C. 901.51 as being waived (Conclusionof Law). The Hendersons were entitled to bring a R.C. 901.51claim at the beginning of trial. See Miller v. Jordan, supra.The Hendersons object to this conclusion of law and findings offact.
 III. The Hendersons' claims as to abuse of process andfrivolous conduct under O.R.C. 2323.51 was founded under law, andshould have been granted."
[1] The Fantozzis also asserted a claim for trespass against the Hendersons. However, based on the trial court's prior ruling regarding the Fantozzis' claim for adverse possession and acquiescence, the Hendersons orally moved to dismiss this claim at the June 10, 2005 trial. The magistrate granted the motion and the Fantozzis' claim for trespass was dismissed.
[2] The Hendersons do not appeal the trial court's conclusion that they were not entitled to damages based on the regrading of the property or the installation of the chainlink fence around their property.