OPINION
{¶ 1} Appellant, Harry Hartman ("appellant"), filed this appeal seeking reversal of a judgment by the Ohio Court of Claims awarding him damages in the amount of $5,025. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} Appellant brought this action seeking to recover damages that resulted when appellee, the Ohio Department of Transportation ("appellee"), or one of its *Page 2 
contractors trespassed onto appellant's property while mowing in the right of way on State Route 60 in Huron County. Appellee mowed down a hedgerow on appellant's property that appellant alleged served as a noise barrier. The original complaint filed in the Court of Claims asserted damages of $5,000 for loss of the noise barrier, $10-12,000 for damage to tractors caused by vandals, and $2-3,000 in damages resulting from collisions with deer. In an amended complaint, appellant reasserted the claim for loss of the noise barrier, but did not allege an amount for damages, and reasserted the claims for damages caused by vandals and collisions with deer.
 {¶ 3} On December 20, 2007, the trial court issued a decision on the issue of liability. The court found that appellee had trespassed onto appellant's property while mowing in 2003 and 2004. The court thus found appellee liable for trespass, and scheduled the matter for a trial on the damages to be awarded.
 {¶ 4} Trial on the issue of damages was held on April 30, 2008. After trial, the court issued a decision in which it discussed the testimony offered. According to the trial court's decision, this testimony showed that appellant's physical and mental health had been profoundly affected by the loss of the noise barrier, which had not fully grown back since it had last been mowed in 2004. Appellee argued at trial that appellant had failed to prove the replacement cost of the hedgerow. The trial court rejected this argument, concluding that the proper measure of damages would generally be the difference in market value before and after the damage was done, but that since the difference in market value would be difficult to discern in this case, the measure of damages should be the value of the hedgerow to the owner. *Page 3 
 {¶ 5} The court concluded that the reasonable value of the hedgerow to appellant was $5,000, and awarded that amount as damages, plus the $25 fee for filing the case in the Court of Claims. The trial court rejected appellant's argument regarding damages caused by vandals, concluding that appellant had failed to prove those damages were proximately caused by appellee mowing the hedgerow. The trial court thus entered judgment in favor of appellant in the amount of $5,025.
 {¶ 6} Appellant filed this appeal, and alleges a single assignment of error:
 Plaintiff asserts that although the trial court awarded damages for the restoration of the noise barrier, it erred in not awarding damages for the plaintiff's loss of quiet enjoyment of his residence.
 {¶ 7} In cases involving trespass to real property that results in the removal of trees or other vegetation, a landowner is entitled to recover reasonable restoration costs, plus the reasonable value of the lost use of the property between the time of the injury and the restoration.Fantozzi v. Henderson, Cuyahoga App. No. 87270, 2006-Ohio-5590. Previously, courts had held that a limitation on recovery of restoration costs existed where such restoration costs exceeded the difference in the value of the property before and after the injury, with the diminution in value becoming the measure of damages in such cases. See, e.g., id., citing Bohaty v. Centerpointe Plaza Assoc., L.P., Medina App. No. 3143-M, 2002-Ohio-749. However, the Supreme Court of Ohio recently issued a decision altering this analysis. Martin v. Design Constr.Servs., Inc., Slip Op. No. 2009-Ohio-1. The court held that diminution in value is a factor that may be considered in determining whether restoration costs are reasonable, but is not itself an element of damages that must be considered. Id. at syllabus. *Page 4 
 {¶ 8} In this case, the trial court noted appellee's argument that appellant had not provided evidence regarding replacement cost. The court then cited evidence offered by appellant that one way to restore the hedgerow would be to plant forsythia bushes at a cost of approximately $20 per bush, but noted that it would take several years of growth for such bushes to approximate the height and density of the removed hedgerow. The trial court then rejected appellee's argument that the cost of restoration is the appropriate measure of damages, instead concluding that the proper measure of damages would be the difference in value immediately before and immediately after the injury. The court then cited case law holding that when market value cannot be feasibly determined, the appropriate measure of damages is the value of the property as established by the owner.
 {¶ 9} In so concluding, the trial court stated that it was applying the measure of damages applicable to cases involving permanent injury to personal property. Because this case involves temporary damage to real property, the trial court applied the incorrect measure of damages. However, appellee did not file a cross-appeal, and therefore has waived any error regarding the measure of damages applied by the trial court.
 {¶ 10} Appellant argues that the trial court erred in failing to include an award for appellant's loss of quiet enjoyment in his property. Although the trial court did not specifically state that the damages awarded covered appellant's loss of enjoyment of his property, the court did conclude that the award was based on the value of the property to appellant, which could have included lost enjoyment. Thus, we consider appellant's argument to be that the trial court's damages award was not sufficient to fully compensate him for the loss of the hedgerow. *Page 5 
 {¶ 11} Appellant did not file a transcript of the trial on damages. In the absence of a transcript, we have no record before us that would allow us to consider whether the $5,000 award reasonably compensates appellant for the loss of the hedgerow. Thus, we have no choice but to affirm the trial court's judgment. See Columbus Check Cashers, Inc. v.Rodgers, Franklin App. No. 08AP-149, 2008-Ohio-5498.
 {¶ 12} Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Court of Claims of Ohio.
Judgment affirmed.
 BRYANT and BROWN, JJ., concur. *Page 1