[Cite as *Orchard v. Ohio Dept. of Natural Resources*, 2011-Ohio-7013.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL ORCHARD

 Plaintiff/Counter Defendant

 v.

OHIO DEPARTMENT OF NATURAL RESOURCES

 Defendant/Counter Plaintiff

Case No. 2009-08349

Judge Clark B. Weaver Sr.
Magistrate Lewis F. Pettigrew

JUDGMENT ENTRY

{¶1} Plaintiff brought this action alleging breach of contract. Defendant, Ohio Department of Natural Resources (ODNR), filed an answer and counterclaim seeking damages for trespass and for the destruction of trees on public property. A trial was held on the issues of liability and damages. On October 6, 2011, the magistrate issued a decision recommending that plaintiff be awarded nominal damages in the amount of $700 for breach of the license agreement. The magistrate also recommended that ODNR be awarded $6,560 in damages on its counterclaim.

{¶2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On October 14, 2011, plaintiff filed his objections. On November 10, 2011, with leave of court, ODNR filed its objections.

{¶3} According to the magistrate's decision, in January 2007, plaintiff purchased property near Rocky Fork State Park on the shore of the lake. In March 2007, plaintiff received a boat dock license and a "mowing permit." In the fall of 2007, plaintiff hired an independent contractor to trim branches and trees between his house and the lake. Such work was performed in the fall of 2007 and winter of 2008. ODNR attempted to install the boat dock in March 2008 for the summer season; however, the maintenance staff was unable to do so because of the number of dead tree branches in the area. On April 3, 2009, plaintiff received written notice of revocation of the boat dock license.

{¶4} The magistrate concluded that ODNR breached the boat dock license agreement inasmuch as it failed to provide plaintiff with written notice of its intention to terminate the license for the 2008 summer season. The magistrate recommended nominal damages in the amount of $700.

{¶5} With respect to ODNR's counterclaim, the magistrate concluded that plaintiff committed a trespass upon ODNR's real property. The magistrate recommended an award of damages in the amount of $6,560.

{¶6} In his first objection, plaintiff argues that the magistrate erred in concluding that plaintiff wrongfully trimmed trees on ODNR property contrary to the terms of plaintiff's mowing permit. The court disagrees.

{¶7} The mowing permit provides in relevant part:

{¶8} "The above named individual (hereinafter referred to as the Permittee) is an adjacent (abutting) landowner, and is herewith being issued a Mowing Permit for the next two calendar years only.

{¶9} "In order to obtain permission from the State of Ohio to mow state-owned property that abuts Permittee's property, Permittee agrees to all of the following provisions:

{¶10} "1. All land affected by this Mowing Permit is public property, and will remain open at all times for use by the public.

{¶11} "2. The State of Ohio grants the Permittee the authority to mow only the property that has been mowed in previous years, as shown on the attached illustration. This illustration will be provided by the Permittee. In addition to the illustration, a

photographic representation of the area to be mowed will be provided to the State of Ohio. Park Management reserves the right to review and alter either the illustration or photographic representation, so that either one properly represents the area that the Permittee is being authorized to mow. The Permittee may also mow a six (6) foot wide path to the water's edge for dock access, if the Permittee has a current dock license.

{¶12} "* * *

{¶13} "4. Encroachment(s) and/or failure to comply with requests to remove encroachment(s) will result in the termination of this Mowing Permit and possible citation for violation of laws and rules.

{¶14} "5. * * * cutting or pruning trees; * * * Any violation of this provision will result in the termination of this Mowing Permit and possible citation for violation of laws and rules * * *." (Plaintiff's Exhibit 9.) (Emphasis in original.)

{¶15} The magistrate correctly determined that the mowing permit authorizes limited tree trimming and pruning in some small measure; however, the evidence establishes that the extent of tree trimming and pruning far exceeded the scope of the mowing permit. Indeed, both experts testified to the extent of the trimming and pruning. Moreover, plaintiff acknowledged that the extent of the trimming and pruning performed by his contractor exceeded what he intended. Plaintiff's first objection is overruled.

{¶16} In his second and third objections, plaintiff argues that the magistrate erred in determining that ODNR may terminate plaintiff's boat dock license. The court disagrees.

{¶17} A license in respect to real property is "a permission to do some act or series of acts on the land of the licensor, without having any permanent interest in it[.]" *Fairbanks v. Power Oil Co. of Ohio* (1945), 81 Ohio App. 116, 123; see also *Yeager v. Tuning* (1908), 79 Ohio St. 121. "A licensee has no right to the continued existence of a license. The licensor may at any time revoke the license without compensating the licensee." *Norwood v. Forest Converting Co.* (1984), 16 Ohio App.3d 411, 418. Moreover, the boat dock license provides that "The State of Ohio, Division of Parks and Recreation, shall have the right to terminate this license without cause assigned by giving in writing to the licensee 24 hours notice prior to such termination." To the extent that ODNR's termination of the license was not timely furnished in writing pursuant to

the contract, the magistrate recommended nominal damages in the amount of $700, the appropriate fee for the boat dock license. Plaintiff's second and third objections are overruled.

{¶18} In its objection, ODNR argues that the magistrate erred by accepting plaintiff's expert's method of valuation of damages. ODNR argues that the difference between the value of the trees before injury and the value of the trees after injury is the preferred method of valuation when restoration is not reasonable. The magistrate concluded that plaintiff's expert provided the best estimate of the damage to ODNR property.

{¶19} "In cases involving trespass to real property that results in the removal of trees or other vegetation, a landowner is entitled to recover reasonable restoration costs, plus the reasonable value of the lost use of the property between the time of the injury and the restoration." *Hartman v. Ohio Dept. of Transp.,* Franklin App. No. 08AP-599, 2009-Ohio-469, ¶7. "[D]iminution in value is a factor that may be considered in determining whether restoration costs are reasonable, but is not itself an element of damages that must be considered." Id., citing *Martin v. Design Constr. Servs., Inc.*, 121 Ohio St.3d 66, 2009-Ohio-1, syllabus. "[T]he essential inquiry is whether the damages sought are reasonable." *Martin,* at ¶25.

{¶20} ODNR's expert employed a method known as the Depreciated Replacement Value, which is essentially the difference in the value of the trees prior to injury and the value of the trees after injury. Plaintiff's expert employed a Cost of Cure method, evaluating the present value of labor necessary to return the property to an aesthetically similar condition. The magistrate concluded, and the court agrees, that plaintiff's expert's method of valuation provides the best estimate of the damage to ODNR property. Plaintiff's expert evaluated the area as a whole rather than placing value on each individual tree. The area at issue has not been considered a managed forest and ODNR has no intention of removing and replacing the damaged trees. Moreover, the damaged area has experienced significant regrowth since the trimming and pruning occurred and such growth will continue into the future.

{¶21} To the extent that ODNR argues that the magistrate erred in calculating the damages under the Cost of Cure method by failing to account for the amount of damages after $6,560 had been compounded at three percent interest over a ten year period, the court finds that plaintiff's expert did not testify to the same. Although such a figure is included in his expert report, plaintiff's expert did not explain how or when the interest would be compounded, and he did not perform such a calculation for the court. Moreover, the court has found that the area in question has experienced significant regrowth since the trimming and pruning occurred. Therefore, ODNR's objection shall be overruled.

{¶22} Upon review of the objections filed, the magistrate's decision, the trial transcript, and the evidence presented at trial, the court finds that the magistrate appropriately applied the law. Therefore the objections are overruled and the court hereby adopts the magistrate's decision and recommendation as its own, including the findings of fact and conclusions of law contained therein. Accordingly, plaintiff is entitled to damages in the amount of $725, which includes the filing fee paid by plaintiff. Judgment is rendered in favor of defendant in the amount of $5,835, which represents $6,560 for damages on defendant's counterclaim less $725 for plaintiff's damages. Court costs are assessed equally against plaintiff and defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Adam H. Karl
Keith E. Golden
923 East Broad Street
Columbus, Ohio 43205-1101

Emily M. Simmons
Stephanie D. Pestello-Sharf
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Tara Paciorek
Assistant Attorney General
2045 Morse Road, #D-2
Columbus, Ohio 43229

Filed December 9, 2011
To S.C. reporter March 5, 2012