BAILEY, Appellant,

v.

MIDWESTERN ENTERPRISES, INC., d.b.a. Midvo Ferrari, Appellee.

[Cite as *Bailey v. Midwestern Ent., Inc.* (1995), 103 Ohio App.3d 181.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE10–1567.

Decided May 2, 1995.

*Wood & Lamping, Eric C. Holzapfel* and *Amy L. Tolnitch,* for appellant.
*Shayne & Greenwald, Gary D. Greenwald* and *Rodd S. Lawrence,* for appellee.

LAZARUS, Judge.

Plaintiff-appellant, Donald R. Bailey, appeals from the entry of summary judgment in favor of defendant-appellee, Midwestern Enterprises, Inc., d.b.a. Midvo Ferrari ("Midvo"). In his second appeal in this case, Bailey raises the following assignments of error:

"1. The trial court erred as a matter of law in finding that Midvo did not accept Bailey's retail buyer's order.

"2. The trial court's finding that Midvo's representative did not have apparent authority to accept the retail buyer's order is against the manifest weight of the evidence."

Bailey contacted Midvo in 1987 to explore the possibility of purchasing a Ferrari Testarossa. Testarossas were in great demand at the time and rapidly appreciating in value. Bailey went to Midvo's dealership in person in October 1987 and was told by Andrew Peabody, an assistant new car manager, that he would be placed on a waiting list if he tendered a $1,000 earnest money deposit to the dealership. Bailey completed a retail buyer's order form that indicated that the car would be sold for the "MSRP (manufacturer's suggested retail price) monroni label from the factory." A handwritten note on the order indicates that "[t]he one thousand dollar earnest money deposit is refundable if the order is cancelled at a future date." The following disclaimer appears on the bottom of the order: "THIS ORDER SHALL NOT BECOME BINDING UNTIL AC-CEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE." Immediately underneath this statement are three signature lines labeled "purchaser's signature," "salesperson," and "per." Bailey signed the order on the line indicated for the purchaser's signature and Peabody's name is printed on the salesperson line. There is no signature on the third line.

Bailey tendered his check with the understanding that he might have to wait as long as two years to receive his Testarossa. Bailey eventually learned that Midvo was selling Testarossas to persons who were not on the waiting list if they were willing to pay more than the manufacturer's suggested retail price. Bailey and another disgruntled would-be purchaser, L. Bruce Venable, filed suit in April 1990, claiming that they would have received their Testarossas by the date of the complaint if Midvo had not made sales outside the waiting list. Bailey and Venable alleged that the sticker price of a Testarossa was $151,750 in April 1990 and that the fair market value of the car on the same date was $375,000. Accordingly, the would-be purchasers alleged that they had suffered damages of $223,250 each and that they were entitled to treble damages pursuant to the Consumer Sales Practices Act, R.C. Chapter 1345.

The action was tried before a referee of the Franklin County Court of Common Pleas. The referee found that Bailey and Venable did not have binding contracts because they were not required to purchase a car when one became available. The Franklin County Court of Common Pleas adopted the referee's report and entered judgment against Bailey and Venable. Both men appealed to this court from that decision.

In a decision rendered on February 3, 1994, this court found that Venable did not have a valid, binding contract because he never signed his order form. Accordingly, the court affirmed the judgment against Venable. *Bailey v. Midwestern Ent., Inc.* (Feb. 3, 1994), Franklin App. No. 93AP–697, unreported, 1994 WL 36399 (*"Bailey v. Midwestern I "*). Because Bailey signed his order, this court concluded that "whatever this order constitutes, Bailey was willing to obligate himself to that." *Id.* at 3. The court reversed the judgment against Bailey and remanded the case to the trial court for a factual finding of whether Peabody had actual or implied authority to bind Midvo to the contract.

On remand, the trial court held an evidentiary hearing and reviewed all of the evidence presented in the case. The court made the following findings of fact: that Peabody never disclosed the extent of his authority to Bailey and that Peabody did not have apparent authority to bind Midvo to a contract for the sale of an automobile. The court also determined that Peabody had neither actual nor implied authority to bind Midvo to a sales contract. Based on these findings of fact, the trial court held that Midvo never accepted and, therefore, was never bound to perform under the terms of the retail buyer's order.

 In his first assignment of error, Bailey claims that the trial court erred as a matter of law when it found that Midvo did not accept the contract. According to Bailey, Midvo ratified the contract when it accepted Bailey's deposit check. In response, Midvo asserts that this issue was already determined in the first appeal and is now the law of the case. The doctrine of law of the case "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2–3, 462 N.E.2d 410, 412.

The trial court originally granted judgment in favor of Midvo on the basis that the contract was unenforceable because it lacked mutuality of obligation. Therefore, the trial court never reached the issue of whether the contract was signed by an authorized representative of Midvo or otherwise ratified or accepted by Midvo. In his first appeal, Bailey argued that the contract was mutually binding because he tendered an earnest money deposit in exchange for Midvo's promise to sell him a car when one became available.

In *Bailey v. Midwestern I,* this court found that the contract between the parties did not fail for lack of mutuality. Accordingly, we remanded the case to the trial court to determine whether Peabody had actual or implied authority to sign the contract. We did not address the issue of whether the contract had been ratified by Midvo because that issue was not before the court due to the procedural posture of the case. Accordingly, the decision in *Bailey v. Midwestern I* is not the law of the case regarding the acceptance of the contract by Midvo.

■ A principal ratifies the unauthorized act of his agent if the "principal, with full knowledge of the facts, conducts himself in a way which manifests his intention to approve an earlier act performed by his agent which did not bind him." *Karat Gold Imports, Inc. v. United Parcel Serv., Inc.* (1989), 62 Ohio App.3d 604, 611, 577 N.E.2d 115, 120.

■ Whether the contract was ratified (or accepted) is a question of fact to be determined by the trial court. The cases cited by appellant are not determinative on this issue because they merely hold that the acceptance of a check is sufficient to establish a genuine issue of material fact as to whether a car dealership accepted a contract signed by one of its representatives. See *Nichols v. Sidney Motors* (Oct. 4, 1989), Lorain App. No. 89CA004509, unreported, 1989 WL 117267; *Thomaier v. Hoffman Chevrolet, Inc.* (1978), 64 A.D.2d 492, 410 N.Y.S.2d 645. In this case, the trial court made a finding of fact that the contract had not been accepted by Midvo. The acceptance of the $1,000 check, which was fully refundable, certainly indicated Midvo's agreement to place Bailey on the waiting list. However, given the circumstances of this case, including Bailey's testimony that he could cancel the contract at any time, the trial court was not required to find that Midvo ratified the acceptance of the final terms of sale for the car because it accepted Bailey's deposit. See *Arnett v. Midwestern Ent., Inc.* (1994), 95 Ohio App.3d 429, 642 N.E.2d 683, at fn. 1 (the trial court did not err in its determination that the acceptance of a $1,000 check was not conclusive as to whether Midvo ratified the contract). For all of the reasons set forth above, we overrule the first assignment of error.

■ In his second assignment of error, Bailey contends that the trial court's finding that Peabody did not have apparent authority is against the manifest weight of the evidence. Once again, Midvo asserts that the issue raised by Bailey was previously decided by this court.

In *Bailey v. Midwestern I,* Midvo asserted that the disclaimer on the order form precluded Bailey from relying on Peabody's apparent authority. This court noted the existence of the disclaimer, but did not discuss the issue of apparent authority. On remand, we specifically instructed the trial court to determine

whether Peabody had actual or implied authority to bind Midvo. Midvo asserts that the instructions did not refer to apparent authority because this court determined that the disclaimer precluded Bailey from relying on Peabody's alleged apparent authority. However, because our decision in *Bailey v. Midwestern I* did not expressly address the issue of apparent authority, we will address Bailey's second assignment of error.

■ A civil judgment "supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. See, also, *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276. According to Bailey, he believed that Peabody had the authority to finalize the terms of sale because Peabody was the assistant new car manager. Bailey also claims that he did not know that Peabody had limited authority because Midvo did not communicate any limits on Peabody's authority to him.

■ The authorities cited by Bailey in support of his second assignment of error hold that it is within a trial court's discretion to find that a car salesperson may have apparent authority to bind his or her principal. See, *e.g., Miller v. Swad Chevrolet, Inc.* (Sept. 13, 1988), Franklin App. No. 88AP-144, unreported, 1988 WL 96211. However, it is equally within a trial court's discretion to find that a particular salesperson does not have apparent authority. In this case, the disclaimer clearly stated that the contract was not binding on Midvo until signed by an authorized representative. The authorizing signature line was obviously blank. Under these circumstances, the trial court's finding that Peabody did not have apparent authority to accept the contract on behalf of Midvo is supported by some competent, credible evidence. See *Arnett, supra.* Accordingly, Bailey's second assignment of error is overruled.

For the foregoing reasons, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

Peggy Bryant and Close, JJ., concur.