[Cite as *Hashem v. Perk Co., Inc.*, 2024-Ohio-1984.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SAADY HASHEM, ET AL.,                     :

    Plaintiffs-Appellants,          :

                          No. 113149

    v.                                            :

PERK COMPANY, INC., ET AL.,          :

    Defendants-Appellees.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 23, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-949725

---

### *Appearances:*

Sam A. Zingale, *for appellants.*

McNeal Schick Archibald & Biro Co., LPA, and Patrick J.
Gump, *for appellee.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiffs-appellants, Saady Hashem a.k.a. Abouhashem ("Hashem")
and Hashem Investments, L.L.C. ("Hashem Investments") (collectively
"appellants"), appeal an order granting summary judgment in favor of defendant-
appellee, Perk Company, Inc. ("Perk").  They claim the following error:

The trial court erred in granting defendant Perk Company, Inc.'s motion for summary judgment because Perk Company, Inc. failed to demonstrate that, as to the issue of apparent authority, no genuine issues of material fact remained unresolved, and that Perk Company, Inc. was entitled to judgment in its favor as a matter of law.

{¶ 2} For the reasons that follow, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In 2004, Hashem purchased property on Ashland Road in Cleveland, Ohio ("the property"). In 2010, the state of Ohio, at the request of the Ohio Environmental Protection Agency ("Ohio EPA"), initiated an action against Hashem in the Cuyahoga County Court of Common Pleas, alleging that the property was in violation of Ohio's solid waste laws. (Hashem depo. tr. 76-77; defendant's exhibits E and F.) In April 2012, the court entered a "Consent Order for Permanent Injunctive Relief and Civil Penalty" ("Consent Order") wherein Hashem agreed to remove all solid waste from the property and have it transported to solid-waste facilities licensed or registered to accept such material by March 31, 2014. (Hashem depo. tr. 79; Consent Order, defendant's exhibit F.)

{¶ 4} On January 6, 2015, the state filed its first of two motions to show cause as to why Hashem had not completed the removal of solid waste and debris from the property. *See* docket *Ohio v. Saady A. Abouhashem*, Cuyahoga C.P. No. CV-10-719253.[1] In June 2015, the court held a hearing on the motion and entered an agreed

---

[1] An appellate court may take judicial notice of publicly accessible online court dockets. *Zdolshek v. AGZ Props., L.L.C.*, 8th Dist. Cuyahoga No. 113249, 2024-Ohio-1284, ¶ 3, fn. 1, citing *State v. McAlpin*, 8th Dist. Cuyahoga No. 110811, 2023-Ohio-4794, ¶ 36, fn. 2; *Fipps v. Day*, 8th Dist. Cuyahoga No. 111633, 2022-Ohio-3434, ¶ 2, fn. 1; *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208, ¶ 12, fn. 1 (noting that "it is

order whereby Hashem agreed to remove all solid waste and debris from the property and dispose of it at licensed disposal facilities according to a schedule of five phases. *Id.* The court ordered that the fifth and final phase of the cleanup was to be completed no later than April 22, 2017. *Id.* However, on March 22, 2018, the state filed the second motion to show cause, alleging that Hashem had failed to comply with the court's original Consent Order and subsequent orders of the court. The court ultimately entered judgment in favor of the state and against Hashem in the amount of $82,600.00, plus interest at a rate of three percent from March 20, 2013. *Id.*

{¶ 5} Meanwhile, Hashem leased the property to Cleveland Block L.L.C. ("Cleveland Block"), an entity owned and operated by Barrett Favitta ("Favitta"). (Hashem depo. tr. 35, 38, 42, and 95.) Favitta was also the owner and operator of Cleveland Concrete Recycling, Inc. ("Cleveland Concrete Recycling"). In July 2015, Cleveland Block gave permission to Perk to dump concrete on the property pursuant to an agreement between Cleveland Block and Perk. (Hashem depo. tr. 95; defendant's exhibit K; Cifani aff. ¶ 3.) In April 2016, Favitta and/or Cleveland Concrete Recycling entered into another contract with Perk that allowed Perk to dump additional concrete debris on the property. (Cifani aff. ¶ 5.)

{¶ 6} In March 2016, Hashem transferred title to the property to Hashem Investments. Thereafter, in May 2017, Hashem Investments entered into a lease

---

a common practice for appellate courts to take judicial notice of publicly accessible online court dockets.").

agreement with Ashland Road Concrete, L.L.C. ("Ashland Road Concrete") (Hashem depo. tr. 110; defendant's exhibit N.). Ali Jraik ("Jraik") signed the lease on behalf of Ashland Road Concrete. Jraik, Favitta, and another individual, Timothy Weibling ("Weibling"), worked together in the operation of Cleveland Block, Cleveland Concrete Recycling, and Ashland Road Concrete. (Hashem depo. tr. 56-57.)

{¶ 7} Favitta, on behalf of Cleveland Concrete Recycling, and Anthony Staraitis, on behalf of Perk, executed "ODOT Beneficial Reuse Forms" confirming that the "clean hard fill" that Perk would be dumping on the property would be "recycled, beneficially reused as construction material, or used in legitimate fill operations on a site other than the site of generation." (Cifani aff. ¶ 6-9; Hashem depo. tr. 102-104, 108-110; defendants exhibits F and M.)

{¶ 8} In July 2021, appellants filed a complaint asserting a single claim of trespass against Perk, Cleveland Block, Cleveland Concrete Recycling, and several other defendants. The trial court later dismissed six defendants, including Ashland Road Concrete, due to appellants' failure to perfect service on them pursuant to Civ.R. 4(E). Thereafter, appellants voluntarily dismissed Cleveland Block, Cleveland Concrete Recycling, and three other defendants without prejudice, leaving Perk as the only remaining defendant.

{¶ 9} Perk filed a motion for summary judgment, conceding that it dumped clean hard fill on the property. It argued, however, that appellants' tenants gave it permission to dump the debris. Appellants opposed the motion, arguing that their

tenants lacked authority to give Perk permission and that Perk's dumping on their property constituted a trespass. They argued they never authorized Cleveland Block, Cleveland Concrete Recycling, or Ashland Road Concrete to allow contractors to dump construction debris on their property. The trial court rejected appellants' argument and granted summary judgment in Perk's favor. This appeal followed.

## II. Law and Analysis

{¶ 10} In the sole assignment of error, appellants argue the trial court erred in granting summary judgment in favor of Perk.

### A. Summary Judgment

{¶ 11} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, the party being entitled to have the evidence construed most strongly in his or her favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998).

{¶ 12} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party satisfies its burden, the nonmoving party "may not

rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996).

## B. Apparent Authority

{¶ 13} Appellants' sole claim is for trespass. Appellants argue Perk failed to produce evidence that it had permission to enter onto the property to dump debris. They concede that their tenants, Cleveland Block, Cleveland Concrete Recycling, and Ashland Road Concrete, gave permission to Perk to dump construction debris. They contend, however, that Perk failed to demonstrate that appellants' tenants had actual or apparent authority to give such permission.

{¶ 14} "A common-law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue[.]" *Apel v. Katz*, 83 Ohio St.3d 11, 19, 697 N.E.2d 600 (1998), citing *Linley v. DeMoss*, 83 Ohio App.3d 594, 598, 615 N.E.2d 631 (10th Dist. 1992).

{¶ 15} It is undisputed that Perk dumped clean hard fill on the property. There is, therefore, no dispute that Perk intentionally entered onto the property. The issue is whether Perk's entrance onto the property was authorized. Appellants argue Perk asserted the doctrine of apparent authority as a defense to their trespass claim. (Appellant's brief p. 8.) They further assert that Perk failed to meet its initial burden of showing that no genuine issues of material fact exist because it failed to

produce evidence showing that Hashem, the principal, conferred apparent authority on his tenants/agents that would have authorized them to allow Perk to dump debris on the property.

{¶ 16} However, Perk never specifically mentioned the doctrine of apparent authority in its motion for summary judgment, nor does it assert such a defense on appeal. Under the doctrine of apparent authority, a "principal may be liable to a third party for the acts of the principal's agent, even though the agent had no actual authority, if the principal has by his words or conduct caused the third party to reasonably believe that the agent had the requisite authority to bind the principal." *Republic Waste Servs. of Ohio Hauling, L.L.C. v. Pepper Pike Properties, Inc.,* 8th Dist. Cuyahoga No. 81525, 2003-Ohio-1348, ¶ 21, citing *Miller v. Wick Bldg. Co.,* 154 Ohio St. 93, 104, 93 N.E.2d 467 (1950).

> The doctrine of apparent authority is typically applied as a means of ensuring that a party acting in reliance on the representations of an agent not qualified to make such representations is protected from the consequences of their reliance. This doctrine is most commonly utilized in matters of contract or tort where an agency relationship is often present, *to protect an "innocent third person"* from relying on this agency relationship to his detriment.

(Emphasis added.) *State ex rel. Yost v. Church of Troy*, 2020-Ohio-4695, 159 N.E.3d 818, ¶ 137 (11th Dist.) (Lynch, J., dissenting in part), citing *Master Consol. Corp. v. BancOhio Natl. Bank*, 61 Ohio St.3d 570, 576, 575 N.E.2d 817 (1991); *Shaffer v. Maier*, 68 Ohio St.3d 416, 418, 627 N.E.2d 986 (1994).

> "While agency, as between the principal and agent, is a matter of their mutual consent, an agency by estoppel may be created insofar as third persons are concerned--that is, it may arise from acts and appearances

which lead third persons to believe that it has been created. Agency by estoppel may be apparent only and exist because of the estoppel of the principal or agent to deny the same after the third party has relied on such appearance, so that such third party would be prejudiced if the fact were shown to be otherwise."

*Adams v. Double "E" Ents.,* 7th Dist. Belmont No. 84-B-56, 1986 Ohio App. LEXIS 6303, *7 (Apr. 4, 1986), quoting 3 *American Jurisprudence* 2d 429-430, Agency, Section 19.

{¶ 17} According to appellants' argument, appellants, acting as landlords, are the principals in the agency relationship. Appellants' tenants are the agents, and Perk is the third party because it had no direct relationship with the appellants/principals. Yet, appellants are the alleged injured party in this case. And, as previously stated, the doctrine of apparent authority is designed to hold the principal liable to third parties for the acts of its agents and to protect innocent third parties from relying on this agency relationship to their detriment. *Church of Troy* at ¶ 137. The common law doctrine of apparent authority was not designed to protect the principal. Therefore, this case does not involve a principal-agency relationship; it involves a landlord-tenant relationship, and the doctrine of apparent authority is inapplicable.

{¶ 18} Under Ohio law, a landlord cedes his or her possessory interests in leased property to the tenant. *Toledo v. Randolph*, Slip Opinion No. 2023-Ohio-4753, ¶ 18; *see also Anderson v. Correll*, N.D. Ohio 5:19-cv-0988, 2020 U.S. Dist. LEXIS 46549, *11 (Mar. 18, 2020), quoting *Palmer v. Mossbarger*, Madison C.P.

No. CVH20130071, 2015 Ohio Misc. LEXIS 6908, at *2 (May 27, 2015) ("'[T]he owner sacrifices his possessory interests in the property to the renter[.]'").

{¶ 19} As previously stated, a common-law tort of trespass occurs when a person, without authority or privilege, enters the private premises of another. *Katz*, 83 Ohio St.3d at 19, 697 N.E.2d 600 (1998), *DeMoss*, 83 Ohio App.3d at 598, 615 N.E.2d 631 (10th Dist.1992). "Privilege" is defined as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.01(A)(12). Thus, where a tenant gives a person permission to enter onto the leased premises, the person cannot be found guilty or liable for trespass. *Anderson* at *11 (defendant held not to be a trespasser where tenant gave him permission to enter the property); *Kent v. Hermann*, 11th Dist. Portage Nos. 95-P-0042 and 95-P0046, 1996 Ohio App. LEXIS 880 (Mar. 8, 1996) ("[A]s long as the trespasser is in the tenant's rental unit at the request and/or permission of the renter, the person cannot be guilty of trespassing on the landlord's property.); *Palmer* at *2 (defendant was not a trespasser where he was invited onto property by the tenant).

{¶ 20} It is undisputed that appellants' tenants gave Perk permission to enter onto the property and dump its debris. Hashem admitted at deposition that Perk had the permission of appellants' tenants to enter onto the property. (Hashem depo. tr. 106-107.) And, appellants have not presented any evidence that the applicable leases preserved their possessory interest in the property. They, therefore, cannot establish a trespass claim against Perk.

{¶ 21} But even if the doctrine of apparent authority were applicable and appellants had maintained a possessory interest in the property, they knowingly allowed Perk to unload its debris on the property and thus ratified their tenants' acts of granting permission to Perk. "Ratification * * * [is] the approval by act, word, or conduct of that which was improperly done." *Paterson v. Equity Trust Co.*, 9th Dist. Lorain No. 11CA009993, 2012-Ohio-860, ¶ 21, quoting *AFCO Credit Corp. v. Brandywine Ski Ctr., Inc.*, 81 Ohio App.3d 217, 221, 610 N.E.2d 1032 (9th Dist.1992).

{¶ 22} "A principal ratifies the unauthorized act of his agent if the 'principal, with full knowledge of the facts, conducts himself in a way which manifests his intention to approve an earlier act performed by his agent which did not bind him.'" *Bailey v. Midwestern Ents., Inc.*, 103 Ohio App.3d 181, 185, 658 N.E.2d 1120 (10th Dist.1995), quoting *Karat Gold Imports, Inc. v. United Parcel Serv., Inc.*, 62 Ohio App.3d 604, 611, 577 N.E.2d 115 (8th Dist.1989). *See also Campbell v. Hospitality Motor Inns, Inc.*, 24 Ohio St.3d 54, 57, 493 N.E.2d 239 (1986) (Ratification may be implied through conduct in the absence of an express ratification.); *State ex rel. Riley Constr. Co. v. E. Liverpool City School Dist. Bd. of Edn.*, 10 Ohio St.2d 25, 29, 225 N.E.2d 246 (1967) ("It is well established that a principal may ratify the acts of his agent performed beyond the agent's authority, and such ratification extends back to the doing of the unauthorized act by the agent and binds the principal from that time.").

{¶ 23} Moreover, appellants knew the property was subject to the Consent Order and other court orders requiring a cleanup of the property. And yet, Hashem admitted at deposition that he received compensation for the debris Perk dumped on the property:

> Q: And you agree you received funds for material that was unloaded at the site by Perk and other contractors when Tim Weibling was operating the site?
>
> A: Yes.
>
> * * *
>
> Q: And then you were verifying that you received a sum of funds, 50 percent of the gross for the unloading of material by Perk and other contractors, correct?
>
> A: Correct.

(Hashem depo. tr. 112-113.) Therefore, appellants ratified the acts of their tenants by accepting compensation for the debris Perk dumped on the property. They, therefore, cannot establish their trespass claim, and there are no genuine issues of material fact that preclude an order granting summary judgment in Perk's favor on appellants' trespass claim.

{¶ 24} The sole assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR